

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,291-01

### EX PARTE KYRIAKOS SAVVAS GEORGHIOU, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1566137-A IN THE 183RD DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of murder and sentenced to 45 years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

We received the initial writ record in this case on Jan. 27, 2021. The record showed that Applicant filed his Article 11.07 application in July 2020. The habeas court adopted the State's proposed order designating issues on Aug. 7, 2020. On April 14, 2021, we remanded the case for the trial court to complete its investigation and make findings of fact and conclusions of law within 90 days of this Court's remand order. Ninety days from the date of the remand order was July 13, 2021.

On Feb. 23, 2022, approximately seven months after the due date, this Court received the trial

court's request for an extension of time until May 23, 2022 "to hold a hearing, if necessary, and prepare the Findings of Fact and Conclusions of Law." We granted this extension.

This Court received a supplemental record from the district clerk on March 8, 2022. This record included, among other things, "Applicant's Proposed Findings of Fact and Conclusion of Law and Order." This document did not have the district clerk's file stamp but it appeared to have been signed by the trial judge on Jan. 11, 2022. Pages three through five tracked – and appeared to adopt – the language of Applicant's memorandum in support of his amended application. However, the first paragraph and the paragraph immediately above the signature block contained language consistent with an order designating issues. Additionally, the font and resolution of the signature page did not appear to match those of the rest of the document.

The signature date was approximately three weeks after the trial court denied "Applicant's Proposed Order Setting Evidentiary Hearing and Designation of Issues"; one day after the court granted the "State's Proposed Order for Filing of Affidavit"; and almost a month before trial counsel submitted his affidavit. Further, the trial court's request for an extension of time from this Court was filed over a month after the signature date of Applicant's Proposed Findings and Conclusions.

Accordingly, it does not appear that the trial court intended to resolve Applicant's allegations by signing Applicant's Proposed Findings of Fact and Conclusion of Law and Order. We surmise that the proceedings in the trial court are still pending and the record before this Court is still incomplete. We again remand this application to the trial court to complete its evidentiary investigation and make findings of fact and conclusions of law.

The trial court shall make findings of fact and conclusions of law within sixty (60) days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things,

affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). No further extensions of time shall be entertained.

Filed:                                   July 27th, 2022
Do not publish